

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00405-CR

**WILLIAM AARON BATES, AKA
WILLIAM AARON BROWN**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 18th District Court
Johnson County, Texas
Trial Court No. DC-F201800911**

## MEMORANDUM OPINION

William Aaron Bates, also known as William Aaron Brown,[1] was convicted of three counts of Burglary of a Habitation (Counts One-Three), and one count of Burglary of a Building (Count Four). He was sentenced to 25 years in prison on Counts One and Three, 35 years in prison on Count Two, and 2 years in prison on Count Four. Because no reversible error is shown regarding the trial court's decision to grant a challenge for

---

[1] We will refer to him as Bates throughout the opinion.

cause to a venire member, the trial court's judgments are affirmed.

In his sole issue, Bates contends the trial court abused its discretion by granting the State's challenge for cause to a venire member over Bates's objection. Specifically, appellant argues the challenge was erroneously granted without first showing that the venire member understood the requirements of the law and could not overcome his prejudice well enough to follow the law. Thus, Bates's argument continues, the trial court did not hold the State to its proper burden.

## THE LAW

A venire member is challengeable for cause if the member has a bias or prejudice against the defendant or the law on which the State or the defendant is entitled to rely. TEX. CODE CRIM. PROC. art. 35.16(a)(9), (b)(3), (c)(2); *Hudson v. State*, 620 S.W.3d 726, 731 (Tex. Crim. App. 2021); *see also Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). "The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and follow instructions in accordance with the law." *Tracy v. State*, 597 S.W.3d 502, 512 (Tex. Crim. App. 2020); *see also Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). But, before a potential juror may be excused on this basis, the law must be explained to him and he must be asked whether he can follow the law regardless of his personal views. *Tracy*, 597 S.W.3d at 512. The party challenging the venire member's ability to sit on the jury bears the burden of establishing that the challenge is proper. *Id*. The challenging party does not meet this burden until the party has shown that the venire member understood the law's

requirements and could not overcome his prejudice well enough to follow the law. *Id*.

When reviewing a trial court's decision to deny a challenge for cause, we look to the entire record to determine whether sufficient evidence exists to support the court's ruling. *Hudson*, 620 S.W.3d at 731; *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). We reverse only for a clear abuse of discretion. *Id*. Because the trial judge is in the best position to evaluate a potential juror's demeanor and responses, we review a trial court's ruling on a challenge for cause with considerable deference. *Gardner*, 306 S.W.3d at 295-96; *see Burks v. State*, 876 S.W.2d 877, 893 (Tex. Crim. App. 1994) (stating that the trial judge is in the best position to determine whether a venire member will set aside his views and honestly and truthfully follow the juror's oath). When a prospective juror's answers concerning his ability to follow the law are vacillating, equivocating, ambiguous, unclear, or contradictory, we accord particular deference to the trial court's decision. *Tracy*, 597 S.W.3d at 512; *Gardner*, 306 S.W.3d at 296.

However, the erroneous excusing of a venire member for cause due to a mistaken application of article 35.16, as argued by Bates in this case, will call for reversal only if the record shows that the alleged error deprived the defendant of a lawfully constituted jury. *Jones v. State*, 982 S.W.2d 386, 391, 394 (Tex. Crim. App. 1998) (reviewing this type of error as non-constitutional error). Without such a showing, reversal is not required. *Id*.; *see Feldman v. State*, 71 S.W.3d 738, 749 (Tex. Crim. App. 2002); *see also Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

**APPLICATION**

The State challenged the venire member because he was unable to sit in judgment of another. As in *Jones*, this type of error, if any, by the trial court in granting the State's challenge is non-constitutional. Thus, assuming without deciding the trial court erred in granting the State's challenge for cause, there is nothing in this record to indicate that the venire members selected to sit as jurors in judgment of Bates were anything but impartial. Bates's only complaint is that the State did not meet its burden of showing that the challenged venire member understood the requirements of the law and could not then overcome his feelings well enough to follow the law. This is insufficient to show that appellant was deprived of a lawfully constituted jury. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Bates's sole issue is overruled.

**CONCLUSION**

Having overruled Bates's sole issue, we affirm the trial court's judgments.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed November 10, 2021
Do not publish
[CRPM]

